**IN THE UNITED STATES DISTRICT COURT FOR**
**THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| STEPHEN WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-CV-0515-CVE-PJC |
| | ) | |
| L. THOMAS LAKIN and THE LAKIN | ) | |
| LAW FIRM, P.C., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Now before the Court is Defendant L. Thomas Lakin and the Lakin Law Firm, P.C.'s

Opposed Motion to Set Aside Default Judgment and Brief in Support (Dkt. # 33).  Defendants L.

Thomas Lakin ("Lakin") and The Lakin Law Firm, P.C. ("Law Firm") request the Court to set aside

the default judgment for $3,752,601.80 entered on April 18, 2007.  Defendants argue that they

notified their liability insurer of plaintiff's claims, but their insurer failed to enter an appearance or

file a responsive pleading.

**I.**

Plaintiff Stephen Williams ("Williams") was an employee of the Union Pacific Railroad

Company ("Union Pacific").  On February 9, 1991, he suffered serious injuries to both of his legs,

and he was permanently disabled as a result of his injuries.  He contacted the Law Firm to discuss

his case, and the Law Firm, specifically David Herndon, agreed to represent Williams.  Shortly after

Williams signed an attorney-client agreement with the Law Firm, Lakin took over as lead counsel

on Williams' case.  In 1995, Williams and Union Pacific agreed to a settlement.  As part of the

settlement, Lakin advised Williams to place $3 million of his settlement funds in a structured

settlement arrangement with SBU, Incorporated ("SBU").  Lakin told Williams that he would

receive periodic tax-free payments from SBU for 20 years and, after 20 years, he would receive a lump sum payment of $3 million.  Lakin advised Williams that his funds would be secure with SBU and he did not recommend any other structured settlement companies.

The final settlement agreement was executed in two parts.  First, Union Pacific paid Williams $4,100,000 as sickness benefits under the Railroad Unemployment Insurance Act, 45 U.S.C. § 351 et seq.  Second, Union Pacific agreed to fund Williams' structured settlement plan with SBU.  Union Pacific directly paid SBU $3 million to fund the structured settlement program and assigned to SBU its liability for making further payments.  Williams released Union Pacific from any liability for future payments under the structured settlement agreement.  From November 20, 1995 to October 20, 2015, Williams would receive $11,156.13 per month from SBU, and he would receive a lump sum payment of $3 million when the monthly payments expired.

Williams received his scheduled payments under the structured settlement from November 1995 to June 2000.  However, Williams did not receive a payment in July 2000, and he unsuccessfully attempted to contacted SBU about his missing payment.  He discovered that SBU closed because its owner, James R. Gibson, stole SBU's assets.  Williams also learned that his settlement funds had not been placed in a separate trust, that SBU was not bonded or insured, and that SBU failed to secure his funds through government bonds or other collateral.  Williams contacted Lakin to represent him in a lawsuit to recover his stolen settlement funds, and Williams claims that Lakin offered to represent him free of charge.  Williams also claims that Lakin advised Williams that Lakin and the Law Firm would be liable for any amounts that Williams did not

recover in his lawsuit against SBU.[1]  In October 2004, Williams received a phone call from a

different lawyer who stated that he was representing Williams in his case against SBU.  That lawyer

asserted that the Law Firm transferred the case to him, and the Law Firm informed the lawyer that

he had full authority to handle the case, including the power to settle the case.  In fact, the new

lawyer later settled the case without obtaining Williams' permission and charged Williams a fee.

Through civil and criminal actions against SBU, Williams was able to recover $2,461,787.77 from

SBU and its employees.

Williams filed this legal malpractice action against Lakin and the Law Firm on September

26, 2006, and he mailed a waiver of service to defendants on October 4, 2006.  Upon receipt of this

letter, the Law Firm notified its insurance broker, John Rain, of Williams' lawsuit, and the Law Firm

believed that Rain would notify the Law Firm's liability insurer.  Defendants claim that they were

told by Daniel Esrey, counsel for Affinity Insurance Services, that the Law Firm's insurer had been

notified of the lawsuit.  On November 15, 2006, Esrey directed Lakin and the Law Firm to waive

service.  On November 17, 2006, Lakin completed the waiver of service form, and the Law Firm

subsequently executed a waiver of service on November 27, 2006.  Bradley Lakin, a partner at the

Law Firm, corresponded with plaintiff's counsel by e-mail, and both sides agreed that a responsive

pleading from the Law Firm would not be due until January 6, 2007.  The parties did not extend the

date for Lakin to file a responsive pleading, and his answer was due on December 3, 2006.

---

[1]     In 2002, Williams filed a lawsuit against Lakin and the Law Firm in the Eastern District of
Missouri, but Williams agreed to dismiss his claims without prejudice.  However, both sides
entered a tolling agreement stating that Lakin and the Law Firm would not raise the statute
of limitations or other defenses based on the passage of time if Williams refiled his case.
Dkt. # 33, Ex. 2.

Neither defendant filed a responsive pleading or entered an appearance in this case. Defendants admit that they were aware of Williams' lawsuit, but they believed that their insurer would handle the defense. Receiving no response to his complaint, Williams moved for entry of default on January 16, 2007. The Clerk of Court entered defendants' default on January 17, 2007. On February 8, 2007, the Court granted plaintiff's motion for default judgment as to entry of default judgment only, but set a hearing to determine the appropriate amount of the judgment. After a damages hearing on Feburary 26, 2007 and supplemental briefing from plaintiff, the Court entered default judgment in favor of plaintiff for $3,752,601.80. Defendants claim that they were not given notice of plaintiff's motion for default judgment or the hearing on damages, even though plaintiff knew how to contact defendants.

After the default judgment was entered, Williams mounted a sustained effort to enforce the judgment against defendants. Williams has served garnishment summonses on Great American Insurance Company of New York and the Illinois State Bar Association Mutual Insurance Company. He has sought orders for defendants to attend an asset hearing in this Court and the Southern District of Illinois. He has also recorded certified copies of the default judgment in the Eastern District of Missouri, the Southern District of Illinois, and the Southern District of Florida, and he has recorded the judgment in state courts in Illinois and Florida. Defendants claim the first notice they received of the default judgment was when Bradley Lakin read an article in a local newspaper on May 30, 2007 that discussed this case.

## II.

Defendants request that the Court set aside the default judgment. They raise four arguments in support of this motion: (1) the lawsuit was filed in the wrong venue, because the attorney-client

4

agreement included a forum selection clause requiring claims arising out of the contract to be filed in Madison County, Illinois; (2) defendants had a good faith belief that their insurer would defend them; (3) plaintiff did not notify defendants of his motion for default judgment; and (4) neither side will be prejudiced if the default judgment is set aside.[2]  Plaintiffs respond that none of these defenses provides a basis to set aside the default judgment under Fed. R. Civ. P. 55(c), because defendants have not shown that the default judgment was entered as a result of excusable neglect and they have not stated a defense to the merits of plaintiff's claims.

Default judgments are not favored, as the preferred practice is to decide cases on their merits. Katzson Bros., Inc. v. United States Environmental Protection Agency, 839 F.2d 1396, 1399 (10th Cir. 1988); Gomes v. Williams, 420 F.2d 1364, 1366 (10th Cir, 1970).  Fed. R. Civ. P. 55(c) provides that "for good cause shown, the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."[3]  The Tenth Circuit has established three requirements that must be satisfied before a default judgment is set aside: "(1) the moving party's culpable conduct did not cause the default; (2) the moving party has a meritorious defense; and (3) the non-moving will not be prejudiced by setting aside the judgement."  United States v. Timbers Preserve, Routt County, Colorado, 999 F.2d 452, 454 (10th

---

[2]      Lakin also states that the Court lacks personal jurisdiction over him, but no argument is offered in support of this statement. Dkt. # 33, at 6.  Because Lakin has offered no factual or legal basis for this argument, the Court will not consider this argument.

[3]      Throughout their motion, defendants argue that good cause exists to set aside the default judgment.  However, the good cause standard applies to motions to set aside default entered by the court clerk.  In this case, defendants are asking the Court to set aside a default judgment, and the Court must apply the more stringent "excusable neglect" standard of Fed. R. Civ. P. 60(b)(1). Dennis Garberg & Assoc., Inc. v. Pack-Tech Int'l Corp., 115 F.3d 767, 775 n.6 (10th Cir. 1997).

Cir. 1993).  The defaulting party bears the burden to prove that the default judgment should be set aside.  Nikwei v. Ross School of Aviation, Inc., 822 F.2d 939, 941 (10th Cir. 1987).  The Tenth Circuit has been clear that "the trial court ought not reopen a default judgment simply because a request is made by the defaulting party; rather, that party must show that there was good reason for the default and that he has a meritorious defense to the action."  Gomes, 420 F.3d at 1366.

Defendants argue that they had a good faith belief that their insurer should have been handling the case, and that they did not engage in any culpable conduct resulting in default judgment.  They claim that they contacted their insurer, through Esrey, on November 15, 2006, and they reminded Esrey that responsive pleadings were due on January 6, 2007.  However, neither Lakin nor the Law Firm actually contacted their insurer directly or made any attempt to determine what action had been taken on their behalf in this Court.  Defendants cite Goodwin v. Roper Industries, Inc., 113 F.R.D. 53 (D. Me. 1986), to support their argument that their default should be excused because of their insurer's actions.  Goodwin is legally and factually distinguishable from the present case.  Goodwin dealt with a motion to set aside the clerk's entry of default instead of a motion to set aside default judgment entered by the court.  Id. at 54.  The defendant filed a motion to set aside default 11 days after entry of default.  Id. at 55.  The court exercised its discretion to find that the insurer's failure to file a responsive pleading constituted good cause under Rule 55(c).

Courts have generally attributed the actions of the insurer to the insured in the context of a default judgment, and Goodwin is the exception rather than the rule.  Most courts have not set aside default judgment when an insurer's actions caused default judgment to be entered against the insured.  See Davis v. Safeway Stores, Inc., 532 F.2d 489 (5th Cir. 1976) (per curiam) (refusing to set aside default judgment when liability insurer did not file answer because defendant's actions

6

showed a lack of internal procedural safeguards to prevent default); Greco v. Reynolds, 416 F.2d

965 (3d Cir. 1969) (per curiam) (default judgment against insured should not be set aside due to

omissions of insurer when both insurer and insured have notice of claim); Hritz v. Woma Corp., 92

F.R.D. 364 (W.D. Pa. 1981) (insurer's failure to file an answer was attributable to the insured).  If

the insurer led defendants to believe it was providing a defense, defendants may have a negligence

claim against their insurer.  See Liberty Mut. Fire Ins. Co. v. Canal Ins. Co., 177 F.3d 326 (5th Cir.

1999) (insurer could liable for amount in excess of policy limits if its failure to defend insured

resulted in default judgment against insured).

Based on defendants' own admissions, they did not make any attempt to contact their insurer

after November 15, 2006, and took no action in this case until they learned a default judgment had

been entered against them.  This shows a lack of due diligence on the part of defendants to keep

informed about the status of their case, even if defendants believed that their insurer was handling

the case.  The Court also takes into account that defendants are attorneys, and were well aware of

the consequences of inaction.  See Berthelsen v. Kane, 907 F.2d 617, 622 (6th Cir. 1990) (district

court could consider sophistication of defendant when ruling on motion to set aside default

judgment); McManus v. American States Ins. Co., 201 F.R.D. 493, 500 (C.D. Cal. 2000) (experience

with the litigation process is a factor weighing against a defendant when a court considers whether

to set aside a default judgment); Atchison, Topeka & Santa Fe Ry. Co. v. Matchmaker, Inc., 107

F.R.D. 63 (D. Colo. 1985) (finding no excusable neglect when defendant was a sophisticated

business person and should have known consequences of his failure to ignore a complaint).

According to the affidavit of Bradley Lakin, he is a licensed attorney and president of the Law Firm.

Dkt. # 33, Ex. 4.  Clearly, defendants knew what the consequences were if they or their insurer failed

to file an answer, but they did not take any affirmative action to ensure that they appeared in this Court.  This weighs heavily against defendants' claim that their actions were excusable.

The Court finds that defendants' conduct does not constitute excusable neglect under Rule 60(b)(1).  Although defendants assert that they notified their liability insurer of plaintiff's claims, they took no steps to determine whether the insurer actually filed a responsive pleading or entered an appearance on defendants' behalf in this case.  This shows a lack of internal procedures to keep informed of the status of pending litigation, and this type of error is not excusable.[4]  See Davis, 532 F.2d at 490.  While defendants may have a claim against their insurer for failing to provide a timely defense, the insurer's inaction does not provide a valid basis to set aside the default judgment.  As a licensed attorney, Lakin knew the consequences of a default judgment, but he still failed to keep abreast of the status of plaintiff's lawsuit.  Defendants' actions, not those of its liability insurer, were the cause of the default judgment, and the Court finds no basis to excuse their conduct.

Even if the Court found that defendants' culpable conduct did not cause the entry of default judgment, defendants have not asserted a meritorious defense to plaintiffs' claims.  Gomes, 420 F.3d at 1366.  Defendants claim that plaintiff filed this case in the wrong venue, because the parties included a forum selection clause in the attorney-client agreement requiring all claims arising out

---

[4]     Plaintiff has pointed out that there are several cases pending against the Law Firm and its attorneys.  Although the merits of these lawsuits have no bearing on the Court's ruling, it is not unreasonable for the Court to assume that the Law Firm has adopted some sort of internal procedures to keep track of deadlines in these cases.

of the agreement to be filed in Madison County, Illinois.[5]  This defense was waived by defendants'

default.  The Supreme Court has held that "[a] defendant, properly served with process by a court

having subject matter jurisdiction, waives venue by failing seasonably to assert it, or even simply

by making default."  Hoffman v. Blaski, 363 U.S. 335, 343 (1960).  The Tenth Circuit has strictly

followed Hoffman and, under Tenth Circuit precedent, defendants' venue argument was waived by

their default.  Williams v. Life Sav. & Loan, 802 F.2d 1200, 1202 (10th Cir. 1986) (per curiam)

("Defects in venue are also waived if they are untimely asserted.  Fed R. Civ. P. 12(h)(1).  In

addition, if a party is in default by failing to appear or to file a responsive pleading, defects in venue

are waived, a default judgment may be validly entered and the judgment cannot be attacked

collaterally for improper venue.").  Defendants waived enforcement of the forum selection clause

in the attorney-client agreement, and this is not a meritorious defense to plaintiff's claims.

Defendants' remaining arguments do not provide any basis to set aside the default judgment.

Defendants argue that plaintiff will not be prejudiced if the default judgment is set aside, but lack

of prejudice alone is not a sufficient reason to set aside a default judgment.  Timbers Preserve, 999

F.2d at 454; Greenwood Explorations, Ltd. v. Merit Gas & Oil Corp., Inc., 837 F.2d 423, 427 (10th

Cir. 1988); Cessna Finance Corp. v. Bielenberg Masonry Contracting, Inc., 715 F.2d 1442, 1445

(10th Cir. 1983).  As to defendants' argument that they were "stunned" plaintiff did not provide

---

[5]     The attorney-client agreement states:

> This instrument is deemed to have been made in Madison County, Illinois.
> As part of the consideration for the firm's execution of the contract, the client
> agrees that any proceeding arising directly or indirectly from this
> employment contract shall be resolved under Illinois law in the Circuit Court
> of Madison County, Illinois.

Dkt. # 33, Ex. 1.

9

them notice of his motion for default judgment, defendants have not shown that plaintiff had an

obligation to provide them notice of his motion.[6]  Rule 55(b)(2) provides that the party moving for

default judgment must notify all parties that have "appeared" in the case at least three days before

a hearing on the motion for default judgment.  Fed. R. Civ. P. 55(b)(2).  The Court has already

determined that the defendants were properly served and did not enter appearance.  Dkt. # 15; see

also Rogers v. Hartford Life & Accident Ins. Co., 167 F.3d 933, 937-38 (10th Cir. 1999) (execution

of waiver of service by defendant did not constitute an appearance under Rule 55(b)(2)).  Defendants

cite two cases showing that courts have accepted something less than a formal responsive pleading

as an appearance but, in both cases, the defendant made some attempt to notify the court or the

opposing party of their intent to defend against the plaintiff's claims.  See United States v. McVoy,

954 F.2d 1000 (5th Cir. 1992) (pro se defendant sent a letter to the court entitled "special

appearance" and asserted four defenses to the plaintiff's claims); Muniz v. Vidal, 739 F.2d 699, 701

(1st Cir. 1984) (settlement negotiations should have put the plaintiff on notice of the defendant's

intent to contest the plaintiff's claims).  Neither case supports defendants' argument that they were

entitled to notice before default judgment was entered by the Court, because defendants did not

notify the Court or plaintiff that they intended to respond to plaintiff's claims.

The Court finds that default judgment was properly entered in this case, and defendants have

not carried their burden to show that the default judgment should be set aside.  Applying the three

factors from Timbers Preserve, the Court does not find that defendants may avoid a default judgment

---

[6]    Defendants' motion is somewhat ambiguous on this issue, because they assert that "[n]otice
may have been required before default judgment was taken."  Dkt. # 33, at 8 (emphasis
added).  Defendants are implicitly acknowledging that they do not have a firm legal basis
to show that notice was actually required before default judgment could be entered.

10

by claiming their insurer's conduct resulted in a default judgment, especially when defendants are experienced attorneys who should have a thorough knowledge of federal procedure.  In addition, defendants have not stated a meritorious defense to plaintiff's claims.  Therefore, the default judgment in this case will not be set aside.

**IT IS THEREFORE ORDERED** that Defendant L. Thomas Lakin and the Lakin Law Firm, P.C.'s Opposed Motion to Set Aside Default Judgment and Brief in Support (Dkt. # 33) is **denied**.

**DATED** this 20th day of July, 2007.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

11