**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **STEPHEN WILLIAMS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-CV-515-GKF-PJC |
| ) | |
| **L. THOMAS LAKIN** and ) | |
| **THE LAKIN LAW FIRM, P.C.,** ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

This matter came before the Court on the *Motion to Quash Asset Hearing as to Defendant L. Thomas Lakin* (hereafter, "Lakin's Motion to Quash") [Dkt. # 99].

### *Background*

In this case, Williams has sued L. Thomas Lakin ("Lakin") and the Lakin Law firm ("LLF") on negligence and breach of fiduciary duty theories related to their advice that Williams invest part of his settlement funds from a personal injury case with a company that subsequently absconded with some of Williams' funds. Williams also claims that Lakin and LLF mishandled subsequent litigation against the absconding company.

This action was filed on September 26, 2006. [Dkt. #1]. On October 4, 2006, pursuant to Fed. R. Civ. P. 4(d), Plaintiff sent Defendants a request that they waive service of summons. [Dkt. ## 9 & 10] On November 21, 2006, Lakin waived service. [Dkt. # 9]. LLF waived service on November 30, 2006. [Dkt. # 10]. When neither Lakin nor LLF filed an answer or motion by January 16, 2007, Plaintiff moved for entry

of default.[1]   Clerk's Entry of Default was entered on January 17, 2007.  [Dkt. # 12].

Plaintiff's Motion for Default Judgment against both Defendants was filed January 18,

2007.  [Dkt. ## 13 & 14].  Attached to Plaintiff's Motion for Default Judgment is

Williams' Affidavit detailing his activities with Lakin in the State of Oklahoma.  Chief

District Judge Claire V. Eagan granted the motion for default on February 8, 2007 and set

an evidentiary hearing to determine damages.  [Dkt. # 15].  Thereafter, on April 18, 2007,

Judgment was entered in favor of Plaintiff and against Defendants in the amount of

$3,752,601.80, plus post-judgment interest at the rate of 4.97 percent, plus costs of the

action.  [Dkt. # 24].

On June 13, 2007, Defendants filed their Opposed Motion to Set Aside

Default Judgment ("Motion to Set Aside").  [Dkt. # 33].  On July 20, 2007, Judge

Eagan entered an Opinion and Order denying Defendants' Motion.  [Dkt. # 68].

In the meantime, legal problems mounted for both Lakin and LLF.  On or about

April 23, 2007, Lakin was arraigned in the U.S. District Court for the Southern District of

Illinois on various criminal charges relating to alleged unlawful activities involving drugs

and sex conduct with minors.[2]   The Court entered an Order Setting Conditions of

Release which restricted Lakin's travel to the Southern District of Illinois, the Eastern

District of Missouri, the Southern District of Florida and the Central District of

California.  *See* Exhibit "4" to Lakin's Motion to Quash [Dkt. # 99], Order Setting

Conditions of Release in *United States v. Lowell Thomas Lakin*, Criminal Case No. 07-

30068-JPG-01 (S.D.Ill. filed April 23, 2007).

---

[1]   Lakin Law Firm and Plaintiff had agreed that the law firm could have until January 6, 2006, to answer.  [Dkt. # 11 at ¶ 5].

[2]   A Superceding Indictment has since been filed that adds additional counts but does not change the nature of the charges.

Williams has endeavored to collect on the Judgment rendered herein. In aid of that effort, Defendants were ordered to appear for hearing on assets on August 15, 2007. [Dkt. # 78]. At 9 p.m. on August 14, 2007, Lakin filed this Motion to Quash.[3] Lakin did not appear for the hearing on assets. Defendants have since filed their Notice of Appeal, [Dkt. # 116], and a supersedeas bond of $4,040,805.97 was posted August 27, 2007. [Dkt. # 137].

On August 29, 2007, the Court conducted a telephonic hearing to determine what pending motions were moot as a result of the appeal and posting of supersedeas bond. At that hearing, Defendants moved to withdraw their Motion to Quash; however, Plaintiff objected arguing that he desired a ruling on the Motion to Quash as a predicate to seeking sanctions against Lakin for his failure to appear at the hearing on assets.

## *Discussion*

At the time of the asset hearing on August 15, Lakin was under a Court Order that did not allow him to travel to the Northern District of Oklahoma. Plaintiff was aware of this restriction and knew that Lakin could not appear in Tulsa for the hearing on assets unless the Order Setting Conditions of Release was modified. *See* July 26, 2007 letter to counsel, Exhibit 5 to Judgment Creditor's Response in Opposition to Motion to Quash

---

[3] Lakin's motion seeks to quash the asset hearing on two grounds: (1) lack of personal jurisdiction over Lakin, and (2) Lakin's inability to attend the hearing due to the travel restrictions imposed on him by the federal Court in Illinois. Because of the ruling herein, the Court need not address the personal jurisdiction issue.

The Court would note, however, that the personal jurisdiction issue should have been raised before District Judge Claire V. Eagan. As Judge Eagan pointed out in her Opinion and Order denying Defendants' motion to set aside the judgment, although Defendants contended in their motion that "this Court has no personal jurisdiction over Lakin," they provided no argument or facts in support of this contention. (Dkt. ## 33 & 68).

3

Order to Judgment Debtor L. Thomas Lakin to Appear and Answer as to Assets [Dkt. # 129]. Lakin apparently made no effort to seek amendment of the Order Setting Conditions of Release. Although Lakin has sought to withdraw his Motion to Quash, Plaintiff asks that the Court deny that request, and deny the Motion to Quash. Plaintiff has indicated that he will then seek sanctions against Lakin for failing to attend the asset hearing.

Based on the record before it, the Court finds that Lakin was not legally able to travel to Tulsa on August 15, 2007, for the scheduled hearing on assets. Plaintiff was aware of this and was concerned aware that Lakin might not appear in Tulsa because of the travel restrictions contained in the Order Setting Conditions of Release. The Court finds that under these circumstances sanctions are not appropriate for Lakin's failure to appear. Plaintiff was aware of the restrictions on Lakin and chose to proceed in the Northern District of Oklahoma anyway. Plaintiff has undertaken collection efforts in Illinois and the issue of Lakin's ability to appear at the asset hearing could have been resolved before the hearing day.

Accordingly, Defendants' oral motion to withdraw the Motion to Quash [Dkt. # 99] is hereby **GRANTED**.

DATED this 14th day of September 2007.

_____
Paul J. Cleary
United States Magistrate Judge