**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| STEPHEN WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-CV-515-GKF-PJC |
| ) | |
| L. THOMAS LAKIN, and THE LAKIN ) | |
| LAW FIRM, P.C., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

On July 20, 2007, Chief United States District Judge Claire V. Eagan denied defendants' first Rule 60(b) Motion to Vacate the default judgment entered in this case on April 18, 2007. In an eleven-page order [Document No. 68], Chief Judge Eagan addressed each of the arguments raised by the defendants and denied the motion to vacate.

Four weeks after the Order denying their 60(b) motion, defendants filed a Motion to Reconsider [Document No. 107], a motion which, for the reasons discussed below, is properly addressed as a second Rule 60(b) motion. Three days later, defendants filed yet a third Rule 60(b) motion [Document No. 112]. As more fully set forth below, the second and third motions to vacate must be denied because (1) defendants improperly expand upon arguments previously raised in connection with the first motion and merely provide supporting facts available at the time of the first motion; (2) defendants advance new arguments with supporting facts which were available for presentation at the time of the first motion; (3) the "newly discovered evidence" defendants purport to raise was available before defendants filed their first Rule 60(b) motion; and (4) defendants raise no valid basis to vacate the default judgment.

There are nine motions before the Court:

(1) Defendants' Motion to Reconsider its Order Denying Defendants' Motion to Set Aside the Default Judgment [Document No. 107];

(2) Defendants' Motion to Strike Affidavits of Joseph R. Farris and Kurt V. Krueger [Document No. 111];

(3) Defendants' Motion to Set Aside Default Judgment Pursuant to Rule 60(b)(3) and (4) [Document No. 112];

(4) The Motion to Abstain filed by garnishee Illinois State Bar Association Mutual Insurance Company [Document No. 144];

(5) Plaintiff's Motion to Strike Defendants' "Motion to Reconsider" Order Denying Motion to Set Aside Default Judgment [Document No. 153];

(6) Defendants' Motion to Reopen the Time to File Appeal Pursuant to Appellate Rule 4(a)(6) [Document No. 169];

(7) The Joinder of Certain Underwriters at Lloyd's, London in Motions of Defendants to Set Aside Default Judgment [Document No. 174];

(8) Plaintiff's Objection to New Material in Defendants' Reply Briefing and Exceeding Page Limitations [Document No. 175]; and

(9) garnishee Great American Insurance Company of New York 's Motion for Rule 54(b) Certification of FAIC's Motion to Dismiss Garnishment Summons [Document No. 185].

Defendants' Motion to Reconsider Chief Judge Eagan's Order Denying
Defendants' Motion to Set Aside the Default Judgment [Document No. 107]

A motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing. *Id.*

Defendants filed their Motion to Reconsider some twenty (20) days following the entry of Chief Judge Eagan's Order denying defendants' first Rule 60(b) motion. Because more than ten days had elapsed before the filing of the motion to reconsider, *see* FED.R.CIV.P. 59(e), this Court construes it as a second Rule 60(b) motion. *Van Skiver v. U.S.*, 952 F.2d 1241, 1243 (10th Cir. 1991); *Wilson v. Al McCord Inc.*, 858 F.2d 1469, 1478 (10th Cir. 1988).

In her written order denying defendants' first Rule 60(b) motion, Chief Judge Eagan specifically addressed the arguments raised therein. Those arguments, and a summary of the reasons for denial, were:

(1) that the lawsuit was filed in the wrong venue, because the attorney-client agreement included a forum selection clause requiring claims arising out of the contract to be filed in Madison County, Illinois. The court determined that the defense of improper venue had been waived by defendants' default.

(2) that defendants had a good faith belief their insurer would defend them. The Court found that defendants' conduct does not constitute excusable neglect under Rule 60(b)(1) and that the insurer's alleged inaction does not provide a basis to set aside the default judgment.

(3) that plaintiff did not notify defendants of his motion for default judgment. The Court wrote that defendants had not shown that plaintiff had an obligation to provide them notice of his

3

motion.

(4) that neither side would be prejudiced if the default judgment is set aside. The Court held that lack of prejudice alone is not a sufficient basis to set aside a default judgment.

(5) defendant L. Thomas Lakin ("Lakin") stated that the Court lacks personal jurisdiction over him, but offered no argument in support. Because Lakin offered no factual or legal basis for his argument, the Court declined to consider it.

Defendants' Motion to Reconsider in part revisits the same issues previously addressed by Chief Judge Eagan in denying the first Rule 60(b) motion. In Section I(B), defendants again argue pursuant to Rule 60(b)(1) that defendants' failure to answer was due to excusable neglect. Defendants also argue, again, that plaintiff ought to have notified defendants of the motion for default judgment. Revisiting issues previously addressed is not the purpose of a motion to reconsider. *Van Skiver*, 952 F.2d at 1243. In addition, the Court would note that the Waivers of Service of Summons executed by attorney/defendant L. Thomas Lakin on his own behalf and by attorney Brad Lakin on behalf of the Lakin Law Firm, P.C. state clearly:

> I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after the date the request was sent or within 90 days after that date if the request was sent outside the United States.

[Document Nos. 9 & 10]. The Waiver of Service forms signed by defendants also contain the warning to defendants that

> A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to

4

> answer than if the summons had been actually served when the request for waiver of service was received.

A motion for reconsideration is not available to allow a party merely to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the first Rule 60(b) motion. *Servants of the Paraclete*, 204 F.3d at 1012; *cf. Cashner v. Freedom Stores*, Inc., 98 F.3d 572, 577 (10th Cir. 1996). This Court therefore declines to entertain the new arguments that "counsel refused to act on the district court's multiple suggestions to plaintiff's counsel . . . that he take the deposition or get an affidavit from Defendants," and that "the District Court appeared to be under the impression that Defendants had intentionally taken a default . . ." Such arguments and facts were available for presentation by defendants in their first Rule 60(b) motion.

For these reasons, and the reasons stated by Chief Judge Eagan in her ruling on the first Rule 60(b) motion, the motion is denied with respect to the arguments raised in Section I(B).

In Section I(C) of the Motion to Reconsider, defendants contend they did not willfully fail to file an answer. In support, defendants again argue they failed to act in the good faith belief that the insurance carrier was handling the lawsuit, and that defendants did not "receive notice of the pending motion for default judgment even though Plaintiff's counsel had actual knowledge of the Lakin firm's address and contact information." For the reasons stated by Chief Judge Eagan in her ruling on the first Rule 60(b) motion, the motion is denied with respect to the arguments raised in Section I(C).

In Section I(D), defendants argue they have substantive and procedural meritorious defenses to the allegations contained in the Complaint. The arguments are untimely, as defendants failed to raise them in their first Rule 60(b) motion.

In Sections II and III of the Motion to Reconsider, defendants raise grounds for relief pursuant to Rule 60(b)(3) and (4). Insofar as the arguments are identical to those raised by defendants in Sections I(C) and II of Defendants' Motion to Set Aside Default Judgment Pursuant to Rule 60(b)(3) and (4), the Court concludes that the arguments are more properly addressed in connection with the latter motion.

For the reasons set forth above, Defendants' Motion to Reconsider the Order Denying Defendants' Motion to Set Aside the Default Judgment [Document No 107] is denied.

Defendants' Motion to Strike Affidavits<br>of Joseph R. Farris and Kurt V. Kruger [Document No. 111]

On January 18, 2007, Williams filed his Motion for Default Judgment [Document No. 13] and Memorandum in Support [Document No. 14]. Attached as Exhibit "2" to the Memorandum was the affidavit of economist Kurt V. Krueger, Ph.D [Document 14-3]. On February 8, 2007, Chief Judge Eagan granted default judgment and set an evidentiary hearing to determine damages. The Court held the hearing on damages on February 26, 2007, and gave Williams additional time to file additional submissions on damages, including the issue of the effect defendants' negligence had on Williams' tax-free structured payments. Williams then filed the supplemental brief, to which he appended the affidavit of Joseph R. Farris, an attorney with expertise in legal malpractice [Document No. 22-7]. Williams also appended the same Krueger affidavit he had previously submitted [Document No. 22-3].

Defendants move to strike the Krueger and Farris affidavits on the grounds that the affidavits have the effect of establishing Williams' damages in an amount greater than Williams had claimed in a Statement of Loss signed on June 2, 2002. Defendants filed their motion to strike nearly ten (10) weeks after they filed their first Rule 60(b) motion, and three days after they filed

6

their Motion to Reconsider, properly considered as a second Rule 60(b) motion. The Motion to Strike is the defendants' first objection to the evidence presented through the affidavits of Krueger and Farris. It is denied for the following reasons:

(1) The motion to strike is untimely. Defendants raised no objection to the Krueger and Farris affidavits in either their Rule 60(b) motion or their Motion to Reconsider.

(2) The motion to strike is not permitted by the federal rules. The proper method for challenging the admissibility of evidence in an affidavit is to object to the challenged testimony, not a motion to strike. FED.R.CIV.P. 7; *Sum of $66,839.59 Filed in Registry of Court v. I.R.S.*, 119 F.Supp.2d 1358, 1359 n.1 (N.D. Ga. 2000).

(3) The affidavits are not inconsistent with Williams' 2002 Statement of Loss. The 2002 Statement of Loss shows the "present value cost" *at that time* to fund his lost structured settlement payments to have been $3,330,016.82. Williams swore that his total lost structured settlement payments were $5,951,640.61, and that it would cost $3,330.016.62 at that time to fund his past due and future structured payments. In calculating Williams' economic damages in 2007, Krueger used the same "Attachment A" appended to Williams' 2002 Statement of Loss. The reasons why Krueger calculated a different number are clear – the 2002 Statement of Loss assumed payment as of that date and no income tax liability. Krueger properly calculated tax liability as a damage item because the payments under the structured settlement were non-taxable. *See Home Savings of America v. United States*, 399 F.3d 1341, 1356 (Fed. Cir. 2005) ("a tax gross-up is appropriate when a taxable award compensates a plaintiff for lost monies that would not have been taxable").

7

Defendants' Motion to Set Aside Default Judgment
Pursuant to Rule 60(b)(3) and (4) [Document No. 112]

In Section I(B), defendants argue they have substantive and procedural meritorious defenses to plaintiff's allegations. The argument appears to be a response to Chief Judge Eagan's conclusion, in her Opinion and Order denying defendants' first Rule 60(b) motion, that "defendants have not stated a meritorious defense to plaintiff's claims." [Document No. 68, p.11]. The arguments are untimely, as they were not raised in connection with the first Rule 60(b) motion. Defendants have not shown this Court that, with reasonable diligence, they could not have discovered the defenses at the time they filed the first motion.

In Section I(C), defendants argue that plaintiff committed fraud, misrepresentation or misconduct warranting setting aside the default judgment pursuant to Rule 60(b)(3). Upon review of the briefs and appended materials, this Court finds no fraud, misrepresentation or misconduct to constitute grounds for relief from the final judgment. Moreover, the transcript of the February 26, 2007 hearing on damages, the affidavits of Williams' expert witnesses, and the Statement of Loss spreadsheet were available before defendants filed their first Rule 60(b) motion on June 13, 2007, and cannot qualify as "newly discovered evidence."

In Section II, defendants argue that the judgment is void against defendant Lakin under Rule 60(b)(4) because this Court had no personal jurisdiction over him. On page 6 of their first Rule 60(b) motion, defendants stated that "this Court has no personal jurisdiction over Lakin," but offered no factual or legal basis for the statement. Lakin's argument is without merit for at least four reasons. First, Lakin ought not be permitted to supplement the defense in a subsequent Rule 60(b) motion when he failed to offer any factual or legal basis for Chief Judge Eagan to address the issue in connection with his first Rule 60(b) motion. Second, Lakin waived the defense when he

8

did not adequately raise the issue in his initial Rule 60(b) motion. Third, Lakin waived the personal jurisdiction defense when he sought affirmative relief from this Court without specially appearing and/or reserving the defense. *See* Document Nos. 48, 64, 65 and 122. Finally, Lakin purposefully availed himself of the privilege of conducting business in Oklahoma when he tried the underlying action on Williams' behalf in the United States District Court for the Eastern District of Oklahoma.

For the reasons set forth above, Defendants' Motion to Set Aside Default Judgment Pursuant to Rule 60(b)(3) and (4) [Document No. 112] is denied.

### The Motion to Abstain filed by Garnishee Illinois State Bar Association Mutual Insurance Company [Document No. 144]

Garnishee Illinois State Bar Association Mutual Insurance Company ("ISBA Mutual") moves the Court to abstain in light of prior pending parallel litigation in the Circuit Court of Sangamon County, Illinois. In the Illinois action, filed in August, 2002, ISBA Mutual seeks recission and declaratory relief regarding a policy of insurance it issued to defendants Lakin and Lakin Law Firm.

ISBA Mutual filed its motion shortly after this Court approved a supersedeas bond in the amount of $4,040,805.97. When the approved bond was subsequently filed, execution of the judgment was stayed pursuant to FED.R.CIV.P. 62(d). Accordingly, the motion to abstain is not ripe for adjudication. Such a motion might be justiciable in the event Williams prevails on appeal and the bond posted by the judgment debtors is insufficient to satisfy Williams' judgment.

For the reasons set forth above, garnishee ISBA Mutual's Motion to Abstain [Document No. 144] is denied without prejudice.

<u>Plaintiff's Motion to Strike Defendants' "Motion to Reconsider"
Order Denying Motion to Set Aside Default Judgment [Document No. 153]</u>

Upon review of the briefs submitted in connection with "Plaintiff's Motion to Strike Defendant's 'Motion to Reconsider' Order Denying Motion to Set Aside Default Judgment," the Court concludes it is more appropriate to address the Motion to Reconsider as a second Rule 60(b) motion. The motion to strike defendants' Motion to Reconsider is therefore denied.

<u>Defendants' Motion to Reopen the Time to File Appeal
Pursuant to Appellate Rule 4(a)(6) [Document No. 169]</u>

Defendants have already appealed the Order denying defendants' first Rule 60(b) motion. They now seek to have this district court reopen the time within which they may file a direct appeal of the April 18, 2007 default judgment. Federal Rule of Appellate Procedure 4(a)(6) provides:

> (6) **Reopening the Time to File an Appeal.** The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> > (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> >
> > (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> >
> > (C) the court finds that no party would be prejudiced.

There is no dispute that defendants did not receive notice under Fed.R.Civ.P 77(d) within 21 days after entry of the default judgment.[1] Williams concedes that defendants filed their motion on the 180th day after entry of the default judgment. However, Williams asserts he served defendants

---

[1] Rule 77(d) requires the clerk to serve a notice of the entry of a judgment upon each party who is not in default for failure to appear. Defendants here were in default. Defendants concede that "[g]iven that Defendants were in default, the clerk was not obliged to send them notice of the judgment . . ." [Document No. 169, pg. 2 of 7].

10

notice under Rules 77(d) and 5(b) on June 8, 2007, June 13, 2007, and July 2, 2007. As noted, Fed.R.App.P. 4(a)(6)(B) requires defendants to file their Motion to Reopen the Time to File an Appeal within 7 days after receiving notice of the entry of judgment. Defendants contest Williams' assertion, stating that Williams "never provided Defendants with notice under Rule 77(d) utilizing the means of service set forth in rule 5(b)." [Document 169, pg. 3 of 7]. Williams also argues he would be prejudiced by reopening the time to appeal the April 18, 2007 default judgment.

Before the stylistic changes effectuated on December l, 2007, Rule 77(d) provided:

> **(d) Notice of Orders or Judgments**. Immediately upon the entry of an order or judgment the clerk shall serve a notice of the entry in the manner provided for in Rule 5(b) upon each party who is not in default for failure to appear, and shall make a note in the docket of the service. Any party may in addition serve a notice of such entry in the manner provided in Rule 5(b) for the service of papers. Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure.

Upon review of the briefs and materials submitted therewith, the Court concludes that plaintiff Williams served defendants' counsel pursuant to Rule 5(b)(1) on June 8, 2007 by electronic means and by regular mail with notice of the entry of the default judgment. Notice of the entry of judgment is sufficient; a copy of the judgment is not required to start the clock under Fed.R.App.P. 4(a)(6). *McDaniel v. Moore*, 292 F.3d 1304, 1306 (11th Cir. 2002). The notice of entry of judgment occurred in connection with an ancillary proceeding to enforce the judgment of this Court in the United States District Court for the Southern District of Illinois. [Document No. 180-2]. Counsel for defendants had entered an appearance in that case with the filing of Defendants' Motion to Stay Proceedings to Enforce or Execute the Judgment Including the Discovery of Assets of Judgment Debtor. [Document No. 180-3]. Thus, defendants' 7-day period to file an FED.R.APP.P. 4(a)(6)

11

motion to reopen the time to appeal began on June 8, 2007. Williams also served defendants counsel notice of entry of the judgment in accordance with Rules 77(d) and 5(b) on June 13, 2007 and July 2, 2007. Williams formally served defendants with copies of the default judgment on the latter date. Defendants did not file their Motion to Reopen Time to File an Appeal of the April 18, 2007 default judgment until fifteen weeks later.

The motion must also be denied because Williams would be prejudiced by reopening the time to effectuate a direct appeal of the default judgment. Williams has undertaken substantial efforts to enforce the judgment. *See Senator Linie GmbH & Co. KG v. Eastern Sunway Line, Inc.*, 2004 WL 232143 (S.D.N.Y. 2004) (prejudice shown under Rule 4(a)(6) where steps taken to enforce judgment).

Finally, even if the Court were to conclude that the three Rule 4(a)(6) elements have been satisfied, the Court concludes it should exercise its discretion to deny the motion to reopen time to appeal because defendants admittedly have had actual notice of the default judgment since May 30, 2007. *See* Document No. 180-3, pg. 2 of 7, ¶3.

For the reasons set forth above, Defendants' Motion to Reopen the Time to File Appeal Pursuant to Appellate Rule 4(a)(6) [Document No. 169] is denied.

### The "Joinder of Certain Underwriters at Lloyd's, London in Motions of Defendants to Set Aside Default Judgment" [Document No. 174]

Garnishee "Certain Underwriters at Lloyd's, London" seek to join in the defendants' Motion to Reconsider Order Denying Defendants' Motion to Set Aside the Default Judgment [Document No. 107], and Defendants' Motion to Set Aside Default Judgment Pursuant to Rule 60(b)(3) and (4) [Document No. 112]. The Court Clerk has properly docketed the joinder as a separate motion.

Rule 60(b) provides in pertinent part that a "court may relieve a party or its legal

representative" from a final order. A "legal representative" under the rule is one who by operation of law is tantamount to a party in relationship to the matter involved in the principal action. *Western Steel Erection Co. v. United States*, 424 F.2d 737, 739 (10th Cir. 1970). An example of such a legal representative is an heir at law. *El Paso Refinery, LP v. Wright Killen & Co., Inc.*, 37 F.3d 230, 234 (5th Cir. 1994). The joinder filed by "certain [unspecified] underwriters" at the British insurance market known as Lloyd's of London fails to establish any such relationship.

A relationship sufficient to satisfy the "legal representative" test does not exist where a nonparty identifying himself as a party's indemnitor denies in an ancillary action that he is the defendant's indemnitor. *See Kem Mfg. Corp. v. Wilder*, 817 F.2d 1517, 1520 (11th Cir. 1987). The joinder filed by the "certain [unspecified] underwriters" does not provide sufficient information for the Court to make a determination as to whether the underwriters seeking relief pursuant to Rule 60(b) contest liability for losses incurred by defendants herein.

If a party has standing to bring a Rule 60(b) motion as a party's legal representative, only the party's arguments and claim for relief may be asserted. The representative has no standing to assert his or her own claims and arguments. *United States v. 8136 S. Dobson St.*, 125 F.3d 1076, 1082-1083 (7th Cir. 1997); 12 MOORE'S FEDERAL PRACTICE, § 60.63 (3d ed.). In this case, the defendants have already asserted their claims and arguments in successive Rule 60(b) motions.

Because movants have failed to show their standing to raise a Rule 60(b) motion, the Joinder of Certain Underwriters at Lloyd's, London in Motions of Defendants to Set Aside Default Judgment [Document No. 174] must be denied. In the alternative, if the appellate court were to determine that movants have the requisite standing, the motion is denied for the reasons set forth in the sections relating to the Motion to Reconsider and the Rule 60(b)(3) & (4) Motion, above.

Plaintiff's Objection to New Material in Defendants' Reply Briefing
and Exceeding Page Limitations [Document No. 175]

Williams objects to new materials filed in two of defendants' reply briefs – Defendants' Reply Memorandum in Further Support of Motion to Reconsider Order Denying Motion to Set Aside Default Judgment [Document No. 170], and Defendants' Reply Memorandum in Further Support of Motion to Set Aside Default Judgment Pursuant to Rule 60(b)(3) and (4) [Document No. 171].

Courts generally do not consider new matters presented in a reply brief because such consideration would deprive the opposing party of an opportunity to respond. *Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000). Such an approach is particularly appropriate here, where defendants previously filed a Rule 60(b) motion and brief in support, and failed to raise the matters in either that brief or their subsequent Motion to Reconsider (properly considered as a second Rule 60(b) motion) or their subsequent Motion to Set Aside Pursuant to Rule 60(b)(3) and (4) (a third Rule 60(b) motion). In a sense, the new arguments contained in defendants' reply brief constitute grounds for yet another (the fourth) Rule 60(b) motion. Were the Court to consider the new arguments raised in defendants' reply briefs, the Court should in fairness permit plaintiff Williams to file sur-replies. This Court declines to do so. There must be some finality to the already-extensive trial court briefing on defendants' quest for relief from the default judgment rendered by Chief Judge Eagan. Plaintiff's objection to the new matters raised by defendants for the first time in their replies to Williams' responses to the Motion to Reconsider and the Motion to Set Aside Default Judgment Pursuant to Rule 60(b)(3) and (4)  [Document Nos. 170 and 171] is sustained as to those matters specifically identified by Williams in his written objection.

Williams also objects to Defendants' attempt to incorporate the respective arguments made

in each reply brief into the other. The Court granted defendants ten (10) additional pages per reply, for a total of twenty (20) pages per reply brief. Defendants could have included all arguments pertinent to each reply within the twenty (20) pages permitted in each. Premises considered, Williams' objection is sustained.

Garnishee Great American Insurance Company of New York's<br>Motion for Rule 54(b) Certification<br><u>of GAIC's Motion to Dismiss Garnishment Summons [Document No. 185]</u>

The Magistrate Judge granted garnishee Great American Insurance Company of New York's Motion to Dismiss Garnishment Summons[2] by written order dated July 10, 2007 [Document No. 63]. Upon review of the Magistrate Judge's Order, it appears that he granted the motion to dismiss because defendants were to post a bond in the amount of $3,752,601.80, which maintained a stay of execution. Great American has failed to persuade this Court that a "judgment" under Rule 54(b) is appropriate with regard to the dismissal of a garnishment summons. The motion is therefore denied as moot.

WHEREFORE, Defendants' Motion to Reconsider its Order Denying Defendants' Motion to Set Aside the Default Judgment [Document No 107] is denied; Defendants' Motion to Strike Affidavits of Joseph R. Farris and Kurt V. Krueger [Document No. 111] is denied; Defendants' Motion to Set Aside Default Judgment Pursuant to Rule 60(b)(3) and (4) [Document No. 112] is denied; The Motion to Abstain filed by garnishee Illinois State Bar Association Mutual Insurance Company [Document No. 144] is denied without prejudice; Plaintiff's Motion to Strike Defendants' "Motion to Reconsider" Order Denying Motion to Set Aside Default Judgment [Document No. 153] is denied; Defendants' Motion to Reopen the Time to File Appeal Pursuant to Appellate Rule 4(a)(6)

---

[2] A Post-Judgment General Garnishment Summons had been issued by this Court on June 5, 2007, to garnishee Great American Insurance Company of New York. [Document No. 28].

[Document No. 169] is denied; the Joinder of Certain Underwriters at Lloyd's, London in Motions of Defendants to Set Aside Default Judgment [Document No. 174] is denied ; Plaintiff's Objection to New Material in Defendants' Reply Briefing and Exceeding Page Limitations [Document No. 175] is sustained; and the Motion for Rule 54(b) Certification of GAIC's Motion to Dismiss Garnishment Summons, filed by garnishee Great American Insurance Company of New York [Document No. 185] is denied as moot.

IT IS SO ORDERED this 2nd day of May 2008.

_____
Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma